FILED
DATE: May 29, 2024
TIME: 05/29/2024 5:43:49 PM
WAKE COUNTY
SUPERIOR COURT JUDGES OFFICE
BY: S. Smallwood

EXHIBIT C

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 23 CVS 21414-910 |

SLOAN RACHMUTH, EDUCATION FIRST ALLIANCE, INC., EDUCATION FIRST ALLIANCE PAC, and EDUCATION FIRST ALLIANCE NC, INC.,

    Plaintiffs,

v.

KARI DONOVAN,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND TO SET ASIDE PRELIMINARY INJUNCTION**

    THIS CAUSE came on to be heard and was heard on May 15, 2024 before the Honorable A. Graham Shirley, Superior Court Judge Presiding, on Defendant's Motion to Set Aside Entry of Default and to Set Aside Preliminary Injunction, with James T. Johnson, Esq. appearing on behalf of the Plaintiffs and John M. Kirby, Esq. appearing on behalf of the Defendant; and after reviewing the pleadings, affidavits filed, and memoranda submitted, and after hearing arguments of counsel and reviewing caselaw provided by counsel, the Court finds and concludes as follows:

    1.    Plaintiff's Motion for Leave to Amend Complaint was filed on November 6, 2023 and served on Defendant by email and regular mail, who was proceeding *pro se* at the time. The Notice of Hearing for Plaintiff's Motion for Leave to Amend Complaint was also filed on November 6, 2023 and served on Defendant by email and regular mail, notifying her the Motion for Leave to Amend was going to be heard on November 15, 2024.

    2.    Plaintiff's Motion for Leave to Amend Complaint was heard on November 15, 2024 before the honorable Patrick T. Nadolski. Defendant attended the hearing in person. Judge Nadolski granted the Motion for Leave to Amend Complaint in open court. Defendant, being in

court at the hearing, was presumably listening to Judge Nadolski when he announced that Plaintiffs were being granted leave to file an amended complaint.

      3.      The Order Allowing Motion for Leave to Amend and Denying Motion to Dismiss was signed and filed on November 22, 2023 ("November 22, 2023 Order"). The November 22, 2023 Order was served on Defendant on November 27, 2023 by email at karidonovan101@gmail.com and by first-class mail at 106 Preston Ridge Court, Cary, NC 27513.

      4.      The November 22, 2023 Order specifically stated that Plaintiffs had ten days from the date of the entry of the Order to file their First Amended Complaint; accordingly, the deadline for Plaintiffs to file their First Amended Complaint was December 2, 2023.

      5.      The November 22, 2023 Order was available online for viewing by Defendant through the court system public portal.

      6.      On November 30, 2023, Plaintiffs filed their First Amended Complaint. The First Amended Complaint was served on Defendant on November 30, 2023 by email at karidonovan101@gmail.com and by first-class mail at 106 Preston Ridge Court, Cary, NC 27513.

      7.      Plaintiffs' First Amended Complaint was available online for viewing by Defendant through the court system public portal.

      8.      Defendant failed to file an answer or other response to the First Amended Complaint.

      9.      On January 8, 2024, Plaintiffs filed and served on Defendant a Motion for Entry of Default, which was granted on January 9, 2024.

      10.     Defendant has asserted that she did not receive a copy of the First Amended

Complaint, and that the email correspondence that included a copy of the First Amended Complaint went to her "Promotions" email folder. However, the fact that Defendant was in court for the Motion to Amend hearing on November 15, 2023 and therefore knew that Plaintiffs were going to be filing an Amended Complaint should have put Defendant on high notice to be looking for service of the Amended Complaint and to also be regularly looking at the online public portal to ensure she had not missed anything.

11. On December 8, 2023, Plaintiffs served on Defendant by email and first-class mail their First Set of Interrogatories and Request for Production of Documents addressed to Defendant.

12. Defendant did not request or obtain a formal or informal extension to respond to the discovery. The deadline to respond to the discovery was January 7, 2024.

13. Defendant did not respond to the discovery. Plaintiffs filed a Motion to Compel on January 19, 2024.

14. During the months of December 2023 and January 2024, Defendant continued to publish numerous derogatory online posts about Plaintiffs that Plaintiffs contend were false and defamatory.

15. On January 19, 2024, Plaintiffs filed their Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction.

16. Defendant was served with a copy of this Motion by email and first-class mail. Defendant was also notified of the date and time of the hearing on the Motion for Temporary Restraining Order, by email and first-class mail.

17. Plaintiffs' Motion for Temporary Restraining Order was heard before the Honorable Gail M. Adams on January 22, 2024. Defendant did not appear at the hearing. Judge

Adams granted the Temporary Restraining Order ("TRO") by Order signed January 24, 2024 and set the hearing on Plaintiffs' Motion for Preliminary Injunction for January 30, 2024.

18. Defendant was served with a copy of the TRO by email and first-class mail. In the TRO, Judge Adams specifically stated the time and place of the hearing on Plaintiffs' Motion for Preliminary Injunction. Defendant was also served with a Notice of Hearing as to the Motion for Preliminary Injunction, both by email and first-class mail.

19. Defendant contends that on or about January 25, 2024, she looked in her "Promotions" email folder and saw that she had received numerous pleadings in this case, including the most recent Motion for Preliminary Injunction and Notice of Hearing for same.

20. Defendant filed a motion to continue the hearing on the Preliminary Injunction using a District Court motion and order form. Her motion for a continuance was not properly filed, and she did not adhere to the local Superior Court rules regarding motions to continue hearings.

21. Defendant did not follow up with the Trial Court Administrator regarding whether her motion was going to be granted, or even heard, she did not appear at the hearing to attempt to make a motion to continue in person, and she did not retain a lawyer to appear at the hearing on her behalf to attempt to obtain a continuance.

22. The hearing on Plaintiff's Motion for Preliminary Injunction was conducted on January 30, 2024 before the Honorable Judge Clayton Somers. Defendant did not appear at the hearing. Judge Somers initially addressed the written motion for continuance that Defendant had attempted to file. He found that it was not properly before the court and denied the motion to continue.

23. After hearing Plaintiffs' Motion for Preliminary Injunction, Judge Somers granted

the Motion and signed and entered the Preliminary Injunction on February 1, 2024. The Preliminary Injunction was served on Defendant by email and first-class mail. The Preliminary Injunction was also personally served on Defendant by the Sheriff on February 6, 2024.

24. Defendant cites ServicePower, Inc. v. Smart Merch., LLC, 2023 U.S. Dist. LEXIS 204266, 2023 WL 7708259 (D. Md. 2023; Case 8:21-cv-02114) for the proposition that a Defendant not checking his/her "junk" email folder is sufficient good cause to set aside an entry of default. However, the facts in that case are distinguished. In ServicePower, because of difficulties with initial service, the court entered an order allowing the plaintiff to serve the defendant with process by email. The email went to the defendant's spam folder. The defendant did not see the email, did not respond, and default was entered. The ServicePower court concluded that the defendant not checking his spam folder was an understandable excuse for not responding to the Complaint given that he had yet to be served with any notice that a lawsuit was pending against him, and he had no reason to be on alert or notice to be checking his spam folder or any online public court access portal.

25. In the present case, Defendant was aware a lawsuit was pending against her, she knew that an Amended Complaint was going to be filed, and she knew she was going to have to respond to the Amended Complaint. Notwithstanding, Defendant failed to regularly check her mail, she failed to check her promotions and junk email folders, and failed to check the online public court access portal, for over 60 days.

26. During this period, in addition to failing to answer the First Amended Complaint, Defendant failed to respond to duly served discovery, failed to attend the hearing on the TRO, and failed to attend the hearing on the Preliminary Injunction.

27. During this period, Defendant continued to publish numerous online posts about

Defendants that Defendants contend are false and defamatory.

28. In its discretion, the Court finds that the Defendant has failed to establish sufficient good cause to set aside the Entry of Default.

29. The Court, in its discretion, further finds that, given the nature of the actions at issue and circumstances of the case, Defendant will not suffer a grave injustice if the Entry of Default is not set aside and also finds that Plaintiffs have suffered harm as a result of Defendant's delay and dilatory actions.

30. With regard to Defendant's request to set aside the Preliminary Injunction pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure, Rule 60(b)(1) applies only to final judgments, orders, or other proceedings. Rule 60(b) has no application to interlocutory orders.

31. A preliminary injunction is an interlocutory order.

32. Accordingly, Rule 60(b) has no application to the Preliminary Injunction issued in this case and cannot serve as a basis to overturn, modify, or amend the Preliminary Injunction.

BASED ON THE ABOVE FINDINGS, the Court concludes that Defendant has failed to establish good cause to set aside the Entry of Default and that Defendant has established no legal basis to set aside or amend the Preliminary Injunction.

IT IS THEREFORE, HEREBY, ORDERED that Defendant's Motion to Set Aside Entry of Default and to Set Aside Preliminary Injunction is denied.

SO ORDERED, this the 28th day of May, 2024.

_____
THE HONORABLE A. GRAHAM SHIRLEY
SUPERIOR COURT JUDGE