UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| **KARI DONOVAN** | ) | CASE NO: 24-01794-5-DMW |
| SSN: xxx-xx-5009, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |

## AMENDED OBJECTION TO PLAN

COME NOW Movants Sloan Rachmuth, Education First Alliance, Inc., Education First Alliance PAC, and Education First Alliance NC, Inc. (hereinafter "Movants") and by and through undersigned counsel hereby amends their Objection to Plan previously filed in this matter.

Movants respectfully object to the Debtor's chapter 13 plan and move for an order denying confirmation of the plan pursuant to 11 U.S.C.A. § 1325(a)(3) and 11 U.S.C.A. § 1325(a)(7).

In support thereof, Movants show unto the Court the following:

1.   Sloan Rachmuth ("Mrs. Rachmuth") owns and manages Education First Alliance, Inc., Education First Alliance PAC, and Education First Alliance NC, Inc. (collectively "EFA"), which is a non-profit political committee based in North Carolina devoted to supporting conservative political positions related to education issues in North Carolina. EFA was founded in January 2021. Shortly afterwards, Debtor Kari Donovan (hereinafter referred to as "Debtor"), who is a conservative political blogger and social media influencer, began a smear campaign against Mrs. Rachmuth and EFA by repeatedly (on a weekly and sometimes daily basis) posting false and defamatory statements about Mrs. Rachmuth and EFA on her twitter account, by sending false and defamatory emails to Mrs. Rachmuth's supporters and followers, by publishing false and

defamatory videos, and by repeatedly making other false and defamatory statements about Mrs. Rachmuth. In these defamatory publications, Debtor accused Movants, without any basis, of wire fraud, financial fraud, being a fake, being a fraud, and lying to the public. She falsely accused Mrs. Rachmuth of infidelity, providing sex for political and/or other business favors, running fake and fraudulent companies, ghostwriting, and plagiarism.

2. As a result of the Debtor's false and defamatory statements and related actions, Mrs. Rachmuth and EFA have suffered irreparable damage to their reputation and character and have suffered actual monetary damages.

3. In order to seek to hold Debtor accountable for her false and defamatory statements and the damages caused, Mrs. Rachmuth and EFA filed their original Complaint against Debtor on August 9, 2023 in Wake County Superior Court, File No. 23 CVS 021414-910 ("State Court Action").

4. Debtor was served with process, pursuant to Rule 4 of the N.C. Rules of Civil Procedure by Wake County Sheriff, on August 15, 2023. Defendant, proceeding *pro se*, filed her Answer to the original Complaint on September 26, 2023.

5. On November 30, 2023, with leave of Court, Mrs. Rachmuth and EFA filed their First Amended Complaint. Debtor was served with the First Amended Complaint by electronic transmission and by regular mail, pursuant to Rule 5 of the N.C. Rules of Civil Procedure, on November 30, 2023. A true and accurate copy of the First Amended Complaint is attached hereto as Exhibit A.

6. Debtor's Answer to Plaintiffs' First Amended Complaint was due on December 30, 2023. No answer or other pleading to the First Amended Complaint was filed by Debtor. Entry of Default was entered against Debtor on January 9, 2024. The Entry of Default was served on Debtor by email and by regular mail.

7. Regarding discovery, after the State Court Action was filed, Debtor continued to publish false and defamatory posts and videos about Mrs. Rachmuth and EFA. One such post made on December 4, 2023 stated that Debtor had interviewed 23 people that have given her "direct statements" that they feel "'terrorized' by Sloan Rachmuth."

8. On December 8, 2023, undersigned counsel served on Debtor, by email and regular mail, a short set of discovery directed at this specific publication asking Debtor, among other things, for the identification of the 23 people referenced in her post from whom she asserted she has obtained statements that they feel terrorized by Sloan Rachmuth.

9. Debtor failed to respond to this discovery request and did not file a request for an extension of time. Undersigned counsel filed a motion to compel on January 19, 2024, which was served on Debtor by email and regular mail.

10. While she was not responding to court proceedings, Debtor continued to post false and defamatory publications about Movants, including but not limited to repeated posts that the Movants were responsible for the December 2022 shooting at the Moore County power station that resulted in an extended county-wide power outage.

11. Given that Debtor was continuing with her repeated publications of false and defamatory statements, also on January 19, 2024, in order to try to stop the continuing harm and damage being inflicted by Debtor because of her continued defamatory actions, Mrs. Rachmuth and EFA filed their Verified Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction.

12. Debtor was served with a copy of this Motion by email and regular mail. Debtor was also notified of the date and time of the hearing on the Motion for Temporary Restraining Order. Movants' Motion for Temporary Restraining Order was heard before the Honorable Gail M. Adams on January 22, 2024. Debtor did not appear at the hearing. Judge Adams granted the

Temporary Restraining Order by Order signed January 24, 2024 and set the hearing on the Motion for Preliminary Injunction for January 30, 2024.  Debtor was notified by email and regular mail of the time and place of the hearing on the Motion for Preliminary Injunction.  Debtor was also served with a Notice of Hearing.

13. Debtor filed a motion to continue the hearing on the Preliminary Injunction on a District Court motion form, even though the case was filed in Superior Court.  Her motion for a continuance was not properly filed, and she did not adhere to the local Superior Court rules regarding motions to continue hearings, so her motion was never heard.  Debtor did not follow up with the Trial Court Administrator regarding whether her motion to continue was going to be granted, or even heard, she did not appear at the hearing to attempt to make a motion to continue in person, and she did not retain a lawyer to appear at the hearing on her behalf to attempt to obtain a continuance.

14. The hearing on Mrs. Rachmuth and EFA's Motion for Preliminary Injunction was conducted on January 30, 2024 before the Honorable Judge Clayton Somers.  Judge Somers granted the Motion and signed and entered the Preliminary Injunction on February 1, 2024.  The Preliminary Injunction was served on Debtor by email and regular mail.  The Preliminary Injunction was also personally served on Debtor by the Sheriff on February 6, 2024.  A true and accurate copy of the Preliminary Injunction is attached hereto as Exhibit B.

15. The Preliminary Injunction primarily enjoins Debtor from publishing defamatory statements about Movants.  It does not impact or adversely affect any of Debtor's assets or ability to earn income.  The purpose of the Preliminary Injunction is to ensure that Debtor does not continue to inflict further injury and damage on Movants during the pendency of the State Court Action.

16. On February 21, 2024, undersigned counsel served Debtor a Notice of Hearing for Movants' Motion to Compel scheduled to be heard on March 25, 2024.

17. On March 7, 2024, attorney John Kirby, Esq. made an appearance in the State Court Action on behalf of Debtor.

18. Also on March 7, 2024, Debtor filed her Motion to Set Aside Entry of Default and to Set Aside Preliminary Injunction. ("Motions to Set Aside").

19. Movants' Motion to Compel was granted on March 26, 2024.

20. Movants' Motion for Fees related to filing and prosecuting their Motion to Compel was granted on May 3, 2024. Debtor was ordered to pay Movants $5,025.00.

21. Debtor's Motions to Set Aside were heard on May 15, 2024 before the Honorable A. Graham Shirley. The Debtor's Motions were denied in open court on May 15. The Order denying Debtor's Motions to Set Aside was filed May 29, 2024. A true and accurate copy of this Order is attached hereto as Exhibit C. ("Order Denying Motions to Set Aside").

22. As documented in the Order Denying Motions to Set Aside, one of the findings of fact included that Debtor had repeatedly continued to post allegedly defamatory content about Movants during a time that she was in a state of default, wasn't attending hearings, wasn't responding to pleadings, and wasn't responding to discovery requests. (See Ex. C, ¶¶ 25-27).

23. During this same time period, Debtor also posted:

> I, too, face a crazy #SLAPP lawsuit-so I am in the cool kid's club. My political speech and First Amendment rights are so powerful that people are spending GOOD time and money to try to get me shut down-YET.. here I am. STILL talking.. [megaphone emoji omitted]
>
> I am doing it ProSe. Someday, I will tell the whole crazy story of what is happening here-but for now-I want to say that my rights are so valuable to me that I continue to use them as I see fit-and I am not at all worried about the outcome of the lawsuit.
>
> It is just harassment-and I am not willing to be harassed-so they are sort of wasting their time.
>
> Yawn..

See Ex. A. to Second Affidavit of Sloan Rachmuth filed in the State Court Action, a true and accurate copy of which is attached hereto as Exhibit D.

24. Debtor filed this bankruptcy proceeding fourteen days after her Motions to Set Aside were denied, May 29, 2024.

25. Two days later, on June 1, 2024, Debtor published the following post on her Twitter (now known as "X") account:

> Defamation shark lawyers prolly aren't honest with their clients about the possibility of a defendant filing bankruptcy after a default and having settlements gone.  It is a very high likelihood.  Remember if that lawyer is going to be a shark FOR you… he will be a shark TO you.  *(The post included a caricature of a shark with a big smile.)*

A true and accurate copy of this post is attached hereto as Exhibit E.

26. On the same day, June 1, Debtor published the following post:

> That is one way to fight lawfare.. bankruptcy courts don't see defaults the same way superior court does.  Watch this story.

A true and accurate copy of this post is attached as Exhibit F.

27. On the same day, June 1, Debtor published the following post:

> If you file frivolous lawsuits and harass people in the courts… and end up paying a lot of money to do that.. only to recover- nothing… it's your own fault.  Swim with shks n'at…*(The post includes a picture of a large shark's mouth.)*

A true and accurate copy of this post is attached as Exhibit G.

28. On the same day, June 1, Debtor published the following post:

> What's interesting is that bankruptcy, as a result of lawfare just doesn't carry the stigma it used to..  The left wanted a culture change so much..  but they don't like it when the rabbit has the gun.

A true and accurate copy of this post is attached as Exhibit H.

29. On June 5, 2024, Debtor published a post depicting a caricature of Bart Simpson writing "I will not file frivolous lawsuits" on a chalkboard, and the heading reads, "Ha! I know a few people who need this time-out too!"  A true and accurate copy of this post is attached as Exhibit

6

I.

30. Additional posts made by Debtor on June 1 and June 2, 2024 are attached hereto as Exhibits J-L.

31. Nine days after her Motions to Set Aside were denied, on May 24, 2024, and continuing through the first week of June, numerous posts were made by a blogger known as "Momz of Wake County" that included false and defamatory statements and/or implications about Movants. Momz of Wake County is owned by Kelly Mann. Upon information and belief, Kelly Mann is an associate of Debtor. Upon information and belief, based on the content of the posts, and other information, Debtor wrote and published, or participated in the writing or publishing of, these posts. A true and accurate copy of some of these false and defamatory posts are attached as Exhibits M-P. Numerous of these defamatory posts were published after the date Debtor filed her bankruptcy action.

32. If the posts published by Momz of Wake County were published or written, in part or in whole, by Debtor, Debtor is in violation of the Preliminary Injunction.

33. If the Debtor participated in the writing or publishing of the above-referenced Momz of Wake County posts, she is in violation of the Preliminary Injunction.

34. Upon information and belief, Debtor filed bankruptcy to take advantage of the automatic stay for the purpose of attempting to evade enforcement of the Preliminary Injunction.

35. Further, upon information and belief, Debtor did not list certain assets in her petition, and she also did not disclose country club memberships.

36. Upon information and belief, Debtor is the owner of a large yacht. Attached as Exhibits Q through U are true and accurate copies of posts made by Debtor from 2021 through 2022 regarding her yacht. There does not appear to be any reference to her yacht in her petition.

37. Regarding country club memberships, in her petition, Debtor specifically

represented that she is not a member of a country club. Attached as Exhibits V through BB are true and accurate copies of posts made by Debtor from 2020 through 2023 regarding her country club memberships. One such post specifically states she is a member of three different country clubs.

38. Accordingly, based on the foregoing evidence, it appears Debtor has filed bankruptcy to circumvent enforcement of the Preliminary Injunction in the State Court Action. Further, it appears she has not been forthcoming regarding her assets and country club memberships in her Petition.

39. Pursuant to 11 U.S.C.A. § 1325(a)(3), the Debtor's plan must be proposed in good faith. Some of the factors the Court is to consider when determining Debtor's good faith are debtor's honesty in representing facts, and the nature of prepetition conduct by debtor giving rise to the bankruptcy case. In light of these factors, and other factors the Court is to consider, based on the foregoing evidence, Movants contend Debtor did not propose her plan in good faith.

40. Further, 11 U.S.C.A. § 1325(a)(7) requires that Debtor's action in filing her bankruptcy petition was done in good faith. Based on all of the foregoing, Movants contend Debtor did not file her petition in good faith.

WHEREFORE, based on the foregoing, Movants respectfully request that:

1. That the Court deny confirmation of the Debtor's chapter 13 plan; and

2. For any and all other relief that the Court deems fit and proper.

Respectfully submitted, this the 22ʳᵈ day of July, 2024.

                               **DeMENT ASKEW JOHNSON & MARSHALL, LLP**

BY:/s/ James T. Johnson
James T. Johnson
N.C. State Bar No. 19087
Jonathan W. Martin
N.C. State Bar No. 49381
Post Office Box 711
Raleigh, North Carolina 27602
Telephone: (919) 833-5555
Email: jjohnson@dementaskew.com
        jmartin@dementaskew.com
*Attorneys for Movants Rachmuth and EFA*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that the foregoing Amended Objection to Plan was served on the Trustee and all counsel of record via the Court's CM/ECF filing system which will send notification to all parties and counsel of record.

This the 22rd day of July, 2024.

                **DeMENT ASKEW JOHNSON & MARSHALL, LLP**

                BY:/s/ James T. Johnson
                James T. Johnson
                N.C. State Bar No. 19087
                Jonathan W. Martin
                N.C. State Bar No. 49381
                Post Office Box 711
                Raleigh, North Carolina 27602
                Telephone: (919) 833-5555
                Email: jjohnson@dementaskew.com
                        jmartin@dementaskew.com
                *Attorneys for Movants*