FILED
DATE: February 1, 2024
TIME: 02/01/2024 8:26:13 AM
WAKE COUNTY
SUPERIOR COURT JUDGES OFFICE
BY: S. Smallwood

**EXHIBIT B**

| | |
|---|---|
| STATE OF NORTH CAROLINA | THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 23 CVS 21414-910 |

SLOAN RACHMUTH, EDUCATION FIRST ALLIANCE, INC., EDUCATION FIRST ALLIANCE PAC, and EDUCATION FIRST ALLIANCE NC, INC.,

   Plaintiffs,

v.

KARI DONOVAN,

   Defendant.

**PRELIMINARY INJUNCTION**

   This cause came on to be heard and was heard before the Honorable Clayton Somers, presiding Superior Court Judge, in Wake County Civil Superior Court on January 30, 2024, upon Plaintiffs' Motion for Preliminary Injunction. The Plaintiffs were represented by James T. Johnson, Esq. of DeMent Askew & Johnson, LLP and the Defendant Kari Donovan ("Defendant") was notified of the time and place of the hearing but failed to appear. After reviewing the Affidavit of Sloan Rachmuth, the Plaintiffs' Verified Motion, the First Amended Complaint (which was verified by the Affidavit of Sloan Rachmuth), and other pleadings filed in this action, the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction, and after hearing arguments of counsel, the Court makes the following FINDINGS:

   1. This Court has jurisdiction of the subject matter and has personal jurisdiction over Defendant.

2.     Defendant has failed to respond to the First Amended Complaint and is in a state of Default.

3.     Defendant has failed to respond to duly served discovery requests.

4.     Plaintiffs' Motion for Temporary Restraining Order ("TRO") was heard before the Honorable Gail M. Adams on January 22, 2024. Defendant was notified of the date and time of the hearing on the TRO but did not appear at the hearing. Judge Adams granted the Motion for Temporary Restraining Order ("TRO") and on January 24, 2024, signed the TRO, which set the hearing on Plaintiffs' Motion for Preliminary Injunction for January 30, 2024. Defendant was served a copy of the TRO and a copy of the Notice of Hearing setting the hearing on the Preliminary Injunction for January 30, 2024.

5.     Defendant did file a written motion for continuance of this hearing on January 26, 2024 ("Defendant's Motion"); however, Defendant's Motion is not properly before the Court and Defendant did not appear to make Defendant's Motion in person. To the extent Defendant's Motion is properly before the Court, the Defendant's Motion is hereby DENIED by the Court.

6.     Defendant has continued to make allegedly false and defamatory publications about Plaintiffs while at the same time is disregarding her obligations and responsibilities as to this lawsuit without concern for any ramifications that may result from such disregard.

7.     Based on a review of the First Amended Complaint and the 51 different allegedly false and defamatory publications referenced in the First

*Rachmuth, et. al. v. Donovan*           23 CVS 21414-910

Amended Complaint (which has been verified by the Affidavit of Sloan Rachmuth) and the allegedly defamatory publications referenced in Plaintiffs' Verified Motion for Preliminary Injunction that Defendant has published since the filing of the First Amended Complaint, there is a likelihood Plaintiffs will succeed on the merits of their claims at the trial of this action or upon any other hearing of final adjudication.

8. Based on Plaintiffs' showing of damages and injury contained in the verified First Amended Complaint and in the Verified Motion for Preliminary Injunction, and based on Defendant's continuing to publish allegedly defamatory publications throughout the pendency of this litigation, and further based on Plaintiffs' showing that the type of damages and injury are of the type to which the Plaintiffs should not be required to submit or the Defendant permitted to inflict, and are of such continuous and frequent recurrence that no reasonable redress can be had in a court of law, if a restraining order is not issued there is a likelihood that Plaintiffs will suffer irreparable harm.

9. There is no constitutional right to false, defamatory speech.

ACCORDINGLY, the Court concludes that the issuance of a preliminary injunction is necessary to protect Plaintiffs' rights and to maintain the status quo during the pendency of this civil action.

IT IS THEREFORE, HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction is granted and that Defendant is hereby enjoined and barred from the following:

1. Making or publishing to a third party any false and defamatory statement or inference that Sloan Rachmuth has committed a crime, fraud, or financial malfeasance;

2. Making or publishing to a third party any false and defamatory statement or inference that Education First Alliance, Inc., Education First Alliance PAC, or Education First Alliance NC, Inc. has committed a crime, fraud, or financial malfeasance;

3. Making or publishing to a third party any false and defamatory statement or inference that Education First Alliance, Inc., Education First Alliance PAC, or Education First Alliance NC, Inc. is fake, illegal, or is operating illegally;

4. Making or publishing to a third party any false and defamatory statement or inference that Sloan Rachmuth has been unfaithful to her husband;

5. Making or publishing to a third party any false and defamatory statement or inference that any of the Plaintiffs were involved in the December 3, 2022, Moore County power grid shooting attack;

6. Making or publishing to a third party any false and defamatory statement or inference that any Plaintiff has committed perjury or plagiarism;

7. Making or publishing to a third party any false and defamatory statement or inference that Sloan Rachmuth has physically attacked or has threatened to physically attack any North Carolina state politician, official, or political candidate;

8. Making or publishing to a third party any false and defamatory statement or inference that Sloan Rachmuth has physically attacked or has threatened to physically attack any family member of any North Carolina state politician, official, or political candidate;

9. Making or publishing to a third party any false and defamatory statement or inference that any Plaintiff has made a death threat against any North Carolina state politician, official, or political candidate; and

10. Making or publishing to a third party any false and defamatory statement or inference that any Plaintiff has made a death threat

against a family member of any North Carolina state politician, official, or political candidate.

It is further ordered that "making or publishing" as used herein shall include, but not be limited to, statements included in any correspondence, emails, text messages, social media messages, videos posted on social media or sent to a third party in some other form or medium, and posts or comments that are published on any social media website, page, or blog.

It is further ordered that "third party" as used herein is any other party not named as a party in this civil action. Regarding the corporate entities named as parties in this civil action, Education First Alliance, Inc., Education First Alliance PAC, and Education First Alliance NC, Inc., any person other than an officer or manager of one of these named corporate entities is considered a third party to this action. So, sending a defamatory publication as enumerated herein to a supporter or donor, or prospective supporter or donor, of one of these named corporate entities is a violation of this Order.

Regarding security, the Court finds that it is doubtful the enjoined party will suffer any damage or loss if it is later determined this injunction was not necessary or inappropriately issued; therefore, the Court is dispensing with the security requirement and is not requiring Plaintiff to post a bond at this time.

IT IS FURTHER ORDERED that this Preliminary Injunction is intended as temporary relief and shall remain in effect during the pendency of this civil action only, or as otherwise ordered by the Court.

SO ORDERED, this the 31st day of January, 2024.

*1/31/2024 4:19:40 PM*

_____
THE HONORABLE CLAYTON SOMERS
SPECIAL SUPERIOR COURT JUDGE